Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0000 7975 21

CONSOL OF KENTUCKY INC.
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Control Number:** 73520
**Defendant:** CONSOL OF KENTUCKY INC.
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System
**County:** Mingo
**Civil Action:** 15-C-118
**Certified Number:** 92148901125134100000797521
**Service Date:** 9/14/2015

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

**EXHIBIT A**

# SUMMONS
## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

| | |
|---|---|
| HASKELL RUNYON, SR............................ | Civil Action No. 15-C - 118 |
| DONNIE BAISDEN and DEVONNA BAISDEN.......................... | Civil Action No. 15-C - 119 |
| RAY CLARK and ANGELA CLARK................................ | Civil Action No. 15-C - 120 |
| THOMAS FLETCHER and LENA FLETCHER................................ | Civil Action No. 15-C - 121 |
| KENNETH NEAL and BRENDA NEAL.................................. | Civil Action No. 15-C - 122 |
| WILMA REED............................................. | Civil Action No. 15-C - 123 |
| FREDDIE RUNYON............................ | Civil Action No. 15-C - 124 |
| HASKELL RUNYON, JR. and BONNIE RUNYON............................. | Civil Action No. 15-C - 125 |
| FRANKLIN SMITH and MARY SMITH................................. | Civil Action No. 15-C - 126 |
| JOHN SMITH and JUANITA SMITH................................. | Civil Action No. 15-C - 127 |
| KEITH STAPLETON............................. | Civil Action No. 15-C - 128 |
| WALTER SULLIVAN and VICKIE SULLIVAN.......................... | Civil Action No. 15-C - 129 |
| BRIAN WHITE.................................. | Civil Action No. 15-C - 130 |
| STEVEN WHITE................................. | Civil Action No. 15-C - 131 |

                Plaintiffs,

v.                                              Honorable M.K. Thompson

CONSOL OF KENTUCKY INC.,........................   Agent: CT Corporation System
a Delaware Corporation,                              5400 Big Tyler Road
                                                     Charleston, West Virginia 25313
        Defendant.

[Stamp: ACCEPTED FOR SERVICE OF PROCESS — SECRETARY OF STATE STATE OF WEST VIRGINIA — 2015 SEP 14 PM 3:37]

To the above-named Defendant: CONSOL OF KENTUCKY INC.

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiff's attorney, <u>Marvin W. Masters</u>, whose address is <u>The Masters Law Firm lc, 181 Summers Street, Charleston, West Virginia, 25301</u>, an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, along with "Plaintiff's First Set of Interrogatories to Defendant" and "Plaintiff's First Set of Requests for Production of Documents to Defendant." You are required to serve your Answer to the Complaint within <u>30</u> days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: 5-29-2015

Clerk of Court: *Grant Reece*

By: *Camilla Ellis*

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

| | |
|---|---|
| HASKELL RUNYON, SR. .................... | Civil Action No. 15-C - **118** |
| DONNIE BAISDEN and DEVONNA BAISDEN ...................... | Civil Action No. 15-C - _____ |
| RAY CLARK and ANGELA CLARK ........................... | Civil Action No. 15-C - _____ |
| THOMAS FLETCHER and LENA FLETCHER ......................... | Civil Action No. 15-C - _____ |
| KENNETH NEAL and BRENDA NEAL ............................ | Civil Action No. 15-C - _____ |
| WILMA REED ................................. | Civil Action No. 15-C - _____ |
| FREDDIE RUNYON ......................... | Civil Action No. 15-C - _____ |
| HASKELL RUNYON, JR. and BONNIE RUNYON ........................ | Civil Action No. 15-C - _____ |
| FRANKLIN SMITH and MARY SMITH ............................ | Civil Action No. 15-C - _____ |
| JOHN SMITH and JUANITA SMITH ........................... | Civil Action No. 15-C - _____ |
| KEITH STAPLETON ......................... | Civil Action No. 15-C - _____ |
| WALTER SULLIVAN and VICKIE SULLIVAN ...................... | Civil Action No. 15-C - _____ |
| BRIAN WHITE ............................. | Civil Action No. 15-C - _____ |
| STEVEN WHITE ............................ | Civil Action No. 15-C - _____ |
| Plaintiffs, | |
| v. | Honorable _____ |
| CONSOL OF KENTUCKY INC., a Delaware corporation. | |
| Defendant. | |

COMPLAINT

Plaintiffs complain and say as follows:

1. Plaintiffs are and/or were the owners and/or residents and/or occupants of properties and/or homes in or near Williamson, Mingo County, West Virginia, in or near the Tug Fork District of Mingo County, West Virginia located on Dans Branch Road, Mingo County, West Virginia and in the vicinity of creeks and streams that flow through, near, or along their property, business, homes and/or residences.

2. Plaintiff Haskell Runyon, Sr. resides at 698 Dans Branch Road, Williamson, West Virginia 25661.

3. Plaintiffs Donnie Baisden and Devonna Baisden reside at 1115 Goff Road, Williamson, West Virginia 25661.

4. Plaintiffs Ray Clark and Angela Clark reside at 24 Dans Branch Road, Williamson, West Virginia 25661.

5. Plaintiffs Thomas Fletcher and Lena Fletcher reside at 187 Dans Branch Road, Williamson, West Virginia 25661.

6. Plaintiffs Kenneth Neal and Brenda Neal reside at 14 Goff Road, Williamson, West Virginia 25661.

7. Plaintiff Wilma Reed resides at 800 Dans Branch Road, Williamson, West Virginia 25661.

8. Plaintiff Freddie Runyon resides at 700 Dans Branch Road, Williamson, West Virginia 25661.

9. Plaintiff Haskell Runyon, Jr. and Bonnie Runyon reside at 698 Dans Branch Road, Williamson, West Virginia 25661.

10. Plaintiffs Franklin Smith and Mary Smith reside at 1232 Dans Branch Road, Williamson, West Virginia 25661.

11. Plaintiffs John Smith and Juanita Smith reside at 281 Borderland Road, Williamson, West Virginia 25661.

12. Plaintiff Keith Stapleton owns a business located at 380 Dans Branch Road, Williamson, West Virginia 25661.

13. Plaintiffs Walter Sullivan and Vickie Sullivan reside at 617 Dans Branch Road, Williamson, West Virginia 25661.

14. Brian White resides at 1388 Dans Branch Road, Williamson, West Virginia 25661.

15. Steven White resides at 1320 Dans Branch Road, Williamson, West Virginia 25661.

16. Defendant, Consol of Kentucky, Inc., ("Consol") is a Delaware corporation, organized and existing under the laws of the State of Delaware, and which at all times relevant hereto, operated a strip mine in Mingo County, West Virginia in close proximity to Plaintiffs' property, business, homes and/or residences.

17. Consol applied for permits to the State of West Virginia, to operate a surface mine near Plaintiffs' properties. Defendant Consol had a duty to assure compliance with all State of West Virginia surface mining laws, rules and regulations, to not violate West Virginia common law, and to not violate Plaintiffs' constitutional guarantees of the use and enjoyment of their property, homes, business, and/or residences including not causing blasting damage to their property, homes, business, and/or residences, and to not change the course of the natural flow of water such that the same flows onto Plaintiffs' properties, thereby creating a trespass, creating

3

and causing a nuisance, and/or causing damages to Plaintiffs' property, homes, business, and/or residences.

18. Consol negligently, carelessly and unlawfully set off excessive explosives, trespassed or contributed to trespass on property of the plaintiff owners, caused water runoff onto plaintiffs' properties, damaged creeks and tributaries in, on or near plaintiffs' properties, created unnecessary loud and obnoxious noises and vibrations, caused cracks in homes, buildings and improvements on Plaintiffs' properties, and, all for the purpose of mining coal on the aforesaid coal mine.

19. As a result of Consol's unlawful conduct, as set forth above, Plaintiffs' have incurred damage to their real and personal property

20. Consol's actions with respect to interrupting the watershed, has adversely impacted and infringed upon, and is reasonably expected to continue to cause flooding and damage of their homes.

21. Defendants' actions amount to interference with these natural water courses that have and continue to proximately cause injury to the Plaintiffs, for which Consol is liable.

22. Defendants' actions in violating the public policy of the State of West Virginia have caused and continue to proximately cause injury to the Plaintiffs, for which Consol is liable.

23. As a proximate result of the aforesaid, Plaintiffs' properties, homes and/or businesses were physically damaged, and Plaintiffs have suffered annoyance and inconvenience, emotional distress, Plaintiffs' properties, homes and/or businesses have lost fair market value, and Plaintiffs have otherwise been damaged, as allowed by West Virginia law.

24. The acts and conduct of Consol will cause Plaintiffs irreparable harm if Consol not enjoined from continuing to cause Plaintiffs damages, as aforesaid, and Plaintiffs have no adequate remedy at law.

25. The aforesaid acts, conduct and omissions were reckless and represent a reckless disregard for the safety, welfare and health of Plaintiffs, their property, and the public. Therefore, plaintiffs are entitled to punitive damages.

26. As a proximate result of the negligent, careless, wrongful and/or unlawful acts and omissions of Consol, acting in the manner described above, Plaintiffs incurred or reasonably will incur in the future the following damages:

(a) They lost fair market value to their home;

(b) Their home was damaged;

(c) They lost the use and enjoyment of their home, their property, including personal, and community;

(d) Annoyance and inconvenience;

(e) Emotional distress;

(f) Cost and expenses in attempting to protect their home; and

(g) Other injury and damages; and

(h) Punitive Damages.

## Count I

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

27. Defendants, through the acts and/or omissions of its agents and/or employees have violated in the past, and continue to violate, portions of West Virginia's Surface Coal

5

Mining and Reclamation Act ("WVSCMRA") and its implementing regulations, including, but not limited to, W. Va. Code § 22-3-14(b)(1), (7), (9) and (11), W. Va. Code § 22-3-22(d)(4), W. Va. Code § 22-3-24(b), and W. Va. C.S.R. § 38-2-16, in that they have conducted mining activities in such a fashion as to (a) fail to adopt measures to prevent subsidence causing material damage; fail to maximize mine stability; (b) fail to maintain the value and reasonably foreseeable use of overlaying surface lands; (c) fail to protect off-mine areas from damages from mining operations; (d) fail to minimize the disturbance of the prevailing hydrologic balance at the mine site; (e) cause subsidence and surface damage to the property and/or residences of the plaintiffs; (f) cause damage to the off-site areas; (g) commit violations of mine permits; (h) conduct surface mining operations, as defined by WVSCMRA, within three hundred feet of occupied dwellings, public buildings, and churches;

28. The defendants' violations of the WVSCMRA and implementing regulations and the acts and failures to act as asserted in the preceding paragraphs are violations of a public safety statute and thereby amount to prima facie negligence on the part of the defendants.

29. As a proximate result of defendants' acts, the plaintiffs have, and continue to suffer, injury and damage as a result of defendants' acts and conduct and prima facie negligence as alleged above.

WHEREFORE, plaintiffs demand judgment against defendants and each of them, jointly and severally, for compensatory damages, including interest, both prejudgment and post judgment, and punitive damages; injunctive relief; a trial by jury; the costs and disbursements of this case and for such other further and general relief as the Court deems just and proper.

Count III

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

30. Defendants' acts and omissions described above were negligent, careless, wrongful and/or unlawful.

31. As a proximate result of the negligent,, careless, reckless and/or unlawful acts and omissions, your plaintiffs were injured and/or damaged, including as described above.

32. Defendants continuing to act in the manner and method described will result in irreparable harm to plaintiffs and their property and plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment of and from defendants, both jointly and severally, for compensatory damage and punitive damages, the costs and disbursements of this action, a trial by jury, and for such other, further and general relief as the Court deems just and proper.

Count IV

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

33. The acts and conduct alleged above amount to a nuisance as the plaintiffs' residences and properties were subjected to exposure to noise, vibrations, dirt, chemicals, and other matter which interfered with and caused plaintiffs' damages and injuries as described above.

34. As a proximate result of defendants' negligent, careless, wrongful, reckless and unlawful acts and omissions, plaintiffs were damaged as described above.

35. The plaintiffs will incur irreparable harm if defendants are not enjoined from continuing to cause the aforesaid nuisance on and around plaintiffs' properties, homes and community.

WHEREFORE, plaintiffs demand judgment of and from defendants, both jointly and severally, for compensatory damage and punitive damages, the costs and disbursements of this action, a trial by jury, and for such other, further and general relief as the Court deems just and proper.

### Count V

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

36. Defendants, acting as aforesaid, trespassed or caused trespass onto, under or over plaintiffs' properties by causing dirt, vibrations, rocks, and or other matter to be deposited.

37. As a proximate result of the aforesaid trespass, plaintiffs were damaged as aforesaid in their person, property and community.

38. The plaintiffs will suffer irreparable harm if defendants are not enjoined from continuing to trespass on plaintiffs' property.

WHEREFORE, plaintiffs demand judgment of and from defendants, both jointly and severally, for compensatory damage and punitive damages, the costs and disbursements of this action, a trial by jury, and for such other, further and general relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury upon all issues triable by a jury raised herein.

                                      HASKELL RUNYON, SR.,

                                      DONNIE BAISDEN and
                                      DEVONNA BAISDEN,

                                      RAY CLARK and
                                      ANGELA CLARK,

                                      THOMAS FLETCHER and
                                      LENA FLETCHER,

                                      KENNETH NEAL and
                                      BRENDA NEAL,

                                      WILMA REED,

                                      FREDDIE RUNYON,

                                      HASKELL RUNYON, JR. and
                                      BONNIE RUNYON,

                                      FRANKLIN SMITH and
                                      MARY SMITH,

                                      JOHN SMITH and
                                      JUANITA SMITH,

                                      KEITH STAPLETON,

                                      WALTER SULLIVAN and
                                      VICKIE SULLIVAN,

                                      BRIAN WHITE,

                                      STEVEN WHITE,

                                      By Counsel

_/s/ Marvin W. Masters/atg_
Marvin W. Masters
West Virginia Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106

Counsel for Plaintiffs
F:\5\918\p001.docx

10

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

| | |
|---|---|
| HASKELL RUNYON, SR................................. | Civil Action No. 15-C - **118** |
| DONNIE BAISDEN and<br>DEVONNA BAISDEN......................... | Civil Action No. 15-C - _____ |
| RAY CLARK and<br>ANGELA CLARK............................. | Civil Action No. 15-C - _____ |
| THOMAS FLETCHER and<br>LENA FLETCHER............................. | Civil Action No. 15-C - _____ |
| KENNETH NEAL and<br>BRENDA NEAL................................. | Civil Action No. 15-C - _____ |
| WILMA REED................................. | Civil Action No. 15-C - _____ |
| FREDDIE RUNYON.......................... | Civil Action No. 15-C - _____ |
| HASKELL RUNYON, JR. and<br>BONNIE RUNYON........................... | Civil Action No. 15-C - _____ |
| FRANKLIN SMITH and<br>MARY SMITH................................. | Civil Action No. 15-C - _____ |
| JOHN SMITH and<br>JUANITA SMITH............................... | Civil Action No. 15-C - _____ |
| KEITH STAPLETON.......................... | Civil Action No. 15-C - _____ |
| WALTER SULLIVAN and<br>VICKIE SULLIVAN........................... | Civil Action No. 15-C - _____ |
| BRIAN WHITE................................. | Civil Action No. 15-C - _____ |
| STEVEN WHITE............................... | Civil Action No. 15-C - _____ |

      Plaintiffs,

v.              Honorable _____

CONSOL OF KENTUCKY INC.,
a Delaware corporation,

      Defendant.

## CERTIFICATE OF SERVICE

I, Marvin W. Masters, counsel for plaintiff, do hereby certify that true and exact copies of the foregoing "Plaintiff's First Set of Interrogatories to Defendant" and "Plaintiff's First Set of Requests for Production of Documents to Defendant" were placed with the Summons and Complaint in the above styled action, and will be served upon defendants with the Summons and Complaint in accordance with the West Virginia Rules of Civil Procedure, this 29th day of May, 2015.

/s/ Marvin W. Masters
Marvin W. Masters
West Virginia State Bar No. 2359

F:\5\918\x.docx

2